IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.,** | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No. RWT 13-cv-3796 |
| **BURTON HOSPITALITY TWO, LLC, et al.,** | * * * | |
| Defendants. | * * | |

## MEMORANDUM OPINION AND ORDER

On September 3, 2014, the Clerk of this Court entered a default as to both Defendants [ECF No. 12], and on September 4, 2014 the undersigned notified them of the entry of default [ECF No. 13]. Before this Court are Defendant Jay Barot's Petition to Set Aside Entry of Default (the "Petition") [ECF No. 14] and Plaintiff's Motion for Default Judgment [ECF No. 11]. For the reasons set forth below, the Court denies Defendant's Petition and grants Plaintiff's Motion for Default Judgment.

Plaintiff Choice Hotels International, Inc. ("Plaintiff") seeks a default judgment and the enforcement of an arbitration award against Defendants Burton Hospitality Two, LLC and Jay Barot. ECF No. 11. Defendant Burton Hospitality entered into a franchise agreement with Plaintiff on May 9, 2006 and Defendant Jay Barot executed an assignment and assumption of franchise agreement on February 21, 2008. Arb. Award 2, ECF No. 11-2. Defendants defaulted on the franchise agreement on February 9, 2009. *Id.* In a letter written directly to the Court after default was entered, Defendant Barot argues that the default was due to the "economic slowdown

nationwide" and its effect on Defendants' ability to obtain financing. Pet. 1. Defendant Barot requests that the Court set aside the entry of default, alleging lack of merit and damages. *Id.* at 2.

Federal Rule of Civil Procedure 55(c) states that for "good cause shown the Court may set aside an entry of default." The determination of whether good cause has been shown by the movant is within the sound discretion of this Court. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). Courts usually set aside an entry of default "where the moving party acts with reasonable promptness and alleges a meritorious defense." *Id.* (citing 6 James Wm. Moore et al., Moore's Federal Practice ¶ 56.10(1)–(4) (2d ed. 1966)). Furthermore, where the Federal Arbitration Act ("FAA") governs the subject in dispute, in order to avoid a judgment upon a valid arbitration award, the parties must file any challenge to the arbitration award within three months after it is filed or delivered. *See* 9 U.S.C. § 12 (2012); *Choice Hotels Int'l, Inc. v. Shiv Hospitality, LLC*, 491 F.3d 171, 178 (4th Cir. 2007).

In submitting the Petition, Defendant Barot does not allege, in more than a conclusory fashion, that he has a meritorious defense to set aside an entry of default or that he adhered to the three-month statute of limitations within which a motion to vacate an arbitration award must be filed. Pet. 1–2. Defendant Barot presents no statement of underlying facts or law to support a conclusion that the Court should set aside the entry of default, and from which the Court would be able to appraise the merits of his claimed defense of financial hardship. *Id.* Defendant Barot does not allege that he was denied the opportunity to participate in the underlying arbitration instituted by Plaintiff on November 12, 2012. *Id.*; Arb. Award 1. Moreover, Defendant Barot did not file the Petition until September 10, 2014, over eleven months after the arbitration award was delivered, and over eight months after the three-month statute of limitations ran. Pet. 1.

Defendant Barot has offered no reason, compelling or otherwise, for why he did not file to vacate the arbitration award within the statutory period.

Accordingly, it is, this 9th day of October, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Petition to Set Aside Entry of Default [ECF No. 14] is hereby **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for Default Judgment [ECF No. 11] is hereby **GRANTED**; and it is further

**ORDERED**, that the arbitration award entered on July 3, 2013 [ECF No. 11-2] is hereby **CONFIRMED**; and it is further

**ORDERED**, that judgment in favor of Plaintiff against Defendants be **ENTERED** in the amount of $90,000.00, plus arbitration fees and costs in the amount of $3,750.00, together with interest at the rate of 6% per annum until paid, and the costs of this action; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to close this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE